UNITED STATES of America,
Plaintiff,

v.

Roscoe C. ZUCKERMAN et al.,
Defendants.

Civ. No. 37072.

United States District Court
N. D. California, S. D.

Dec. 28, 1959.

Lynn J. Gillard, U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Lawrence Livingston, San Francisco, Cal., Stanley M. Arndt, Los Angeles, Cal., for defendants.

GOODMAN, Chief Judge.

In this action, the United States seeks to recover damages of $107,330.98 plus interest for an alleged breach of a contract between its agency, Commodity Credit Corporation, and the corporate defendants for the sale of potatoes pursuant to the 1949 Irish Potato Price Support Program. It is claimed that the corporate defendants breached such contract by selling potatoes to Commodity Credit Corporation when the corporate defendants were ineligible to participate in the price support program.

The 1949 Irish Potato Price Support Program was authorized by the Agricultural Act of 1948, 62 Stat. 1247, 7 U.S.C.A. § 1301 et seq. That Act granted to the Secretary of Agriculture the authority to require compliance with production goals and marketing regulations as a condition to eligibility of producers for price support.

On January 26, 1949, the Secretary of Agriculture promulgated regulations governing the establishment of production goals for the 1949 crop of Irish potatoes, 14 Fed.Reg. 431. These regulations provided that the County Committees elected to assist in the administration of the Agricultural Conservation Program should determine the acreage goals for commercial farms subject to the approval of the State Committees charged with the administration of the Production and Marketing Administration program. Farm operators dissatisfied with the acreage goal established as to them were accorded the right to request reconsideration by the County Committee and to appeal any decision rendered upon reconsideration to the State Committee.

The Regulations further provided that: "The planting of potatoes in excess of the 1949 goal established for any farm * * * shall, subsequent to the date of such excess planting, render any person having an interest in such farm as operator, owner, landlord, tenant or partner ineligible to participate in 1949 potato price support operations. Such ineligibility shall extend also to any corporation or corporate stockholder whose operations are subject to substantially the same management, ownership, or control as those of a corporation or corporate stockholder planting potatoes in excess of an acreage goal."

At the time these regulations were promulgated the individual defendants Roscoe Zuckerman and Walter McGilvray were the owners of a 50% interest in 638 acres of land in San Joaquin County, California, known as the Jones Tract, which had been previously leased to six farmers on a crop-lease basis. On March 23, 1949, a potato goal of 145 acres was established for the Jones Tract by the San Joaquin County Agricultural Conservation Committee. Reconsideration by the County Committee was requested, and an appeal from its decision adhering to the original goal was taken to the State Production and Marketing

Committee which affirmed the action of the County Committee on April 20, 1949.

On May 1, 1949, the defendants Roscoe Zuckerman and Walter McGilvray divested themselves of their interest in the Jones tract. Meanwhile, between April 10 and May 1, 1949 from three hundred to four hundred acres of the Jones tract had been planted to Irish potatoes by the lessees.

On June 13, 1949, the Commodity Credit Corporation, the delegate of the Secretary of Agriculture, promulgated regulations governing the purchase of potatoes pursuant to the 1949 Irish Potato Price Support Program. 14 Fed. Reg. 3273. These Regulations provided that the County Agricultural Conservation Committees should determine or cause to be determined the eligibility of growers to participate in the program, and should designate employees to execute certificates of eligibility on behalf of the Committees. Authority was vested in the State Production and Marketing Administration Committees to cancel a grower's certificate of eligibility upon 48 hours written notice upon a determination that the grower misrepresented the facts in his application for a certificate of eligibility, or violated the terms of his eligibility agreement. But the regulations specified that such cancellation should not affect any transactions entered into prior to the time that the cancellation became effective.

On the day these regulations were promulgated the defendants, Bacon Eleven, Inc., and Zuckerman-Mandeville, Inc. applied to the San Joaquin County Agricultural Conservation Committee for certificates of eligibility to participate in the 1949 Irish Potato Price Support Program. Bacon Eleven, Inc. was a corporation wholly owned by the individual defendants Zuckerman and McGilvray, and Zuckerman-Mandeville, Inc. was a corporation wholly owned by the defendant Zuckerman. On July 21, 1949 a certificate of eligibility was issued to Zuckerman-Mandeville, Inc., and on Au-

gust 4, 1949 a certificate of eligibility was issued to Bacon Eleven, Inc.

Certain officials associated with the price support program questioned the propriety of the issuance of these certificates because the two corporations were controlled by the defendants Zuckerman and McGilvray who had had an interest in the Jones tract which had been planted to potatoes in excess of the goal for such tract. The matter was referred to the State Production and Marketing Committee, which on September 7, 1949 declined to cancel the certificates of eligibility. The State Committee found that Zuckerman and McGilvray had disposed of their interest in the Jones tract prior to the time that the corporations had applied for their certificates of eligibility as well as prior to the time that the official measurements of the potato acreage on the Jones tract had been made. The State Committee further found that Zuckerman and McGilvray had acted without any intent to defeat the purpose of the Irish Potato Price Support Program.

The two corporations Zuckerman-Mandeville, Inc., and Bacon Eleven, Inc., pursuant to the 1949 Irish Potato Price Support Program sold to the Commodity Credit Corporation 68,566 cwt. of potatoes and received a total of $111,190.72. Upon resale of the potatoes, Commodity Credit Corporation realized $3,859.74 after deducting transportation expenses.

More than five years thereafter, on May 7, 1955, the United States brought this action against the two corporations as well as against Zuckerman and McGilvray, to recover damages in the sum of $107,330.98 which represents the amounts paid to the two corporations for potatoes under the 1949 Irish Potato Price Support Program less the amount which the Commodity Credit Corporation had realized on resale. It is claimed that under the regulations governing the 1949 Irish Potato Price Support Program the two corporations were in-

eligible to participate in the program because their controlling stockholders Zuckerman and McGilvray had had a lessor's interest in the so-called Jones tract at the time that it was planted to potatoes in excess of the established goal, and retained a beneficial interest even after divesting themselves of their lessor's interest. It follows, the Government urges, that the San Joaquin County Agricultural Conservation Committee and the State Production and Marketing Committee acted contrary to law in respectively issuing and failing to cancel the certificates of eligibility granted the two corporations. Upon this premise, the Government contends that the two corporations sold potatoes to the Commodity Credit Corporation while legally ineligible to do so, and thereby breached the contract entered into with Commodity Credit Corporation for the sale to it of potatoes pursuant to the 1949 Irish Potato Support Program. While this action is *in form* a suit to recover damages for breach of contract, it in fact and substance seeks to review an administrative decision. For any cause of action of the Government for damages depends upon whether the administrative decision is sustained or not. We are not required to determine de novo the issue of the corporate defendants' eligibility to participate in the Price Support Program, but rather to decide whether the decisions of the administrative bodies who found them eligible are legally sustainable.

There is grave doubt that this Court has the power to re-examine the determination made by the County and State Committees that the defendant corporations were entitled to certificates of eligibility to participate in the 1949 Irish Potato Support Program. The County Committees were vested with authority to determine eligibility and to issue certificates of eligibility. The sole power to cancel such certificates was vested in the State Committees. And, the Regulations specified that cancellation by the State Committee should not affect any transactions entered into prior to the time that the cancellation became effective. This regulatory scheme is inconsistent with an intent that the question of a grower's eligibility to participate in the program should be open for redetermination in a suit for damages for breach of a contract for the sale of potatoes pursuant to the program. If it were requisite for disposition of this cause to decide whether the action of the County and State Committees could be re-examined here, the Court would hold that their action could not be re-examined.

■ But, it is unnecessary to determine whether the determination of eligibility by the County and State Committees is subject to judicial review. For assuming the power of judicial review to exist, at most it would permit the Court to determine whether the County and State Committees acted in accordance with the applicable regulations and whether their findings were supported by substantial evidence.

■ Upon the evidence, the County Committee acted properly in granting the certificates of eligibility to the defendant corporations, and the State Committee was wholly justified in finding that the defendants Zuckerman and McGilvray had divested themselves of all interest in the Jones tract prior to the time that the corporations applied for certificates of eligibility and that Zuckerman and McGilvray had acted without any intent to defeat the purposes of the Price Support Program. This being so, there is no basis for challenging the certificates of eligibility as having been issued and approved in disregard of the regulations, unless the regulations are interpreted to mean that the moment a farm was planted to potatoes in excess of its acreage goal, any person having an interest in such farm was thereby forever rendered ineligible to participate in

the price support program. This is the interpretation urged by the Government, but it is an arbitrary one and wholly unwarranted. Reading all of the regulations as a whole and in the light of the purposes of the Price Support Program, a more reasonable interpretation, and the one made by the County and State Committees, is that eligibility was to be determined upon the basis of the acreage maintained in potatoes on farms in which an applicant for a certificate of eligibility had an interest at the time application for such certificate was made. Although an applicant may have previously had an interest in a farm on which an excess acreage of potatoes had been planted, if prior to the time that he applied for his certificate of eligibility the excess acreage had been plowed up or otherwise destroyed or the applicant had divested himself of any interest in the farm, no reason appears why he should have been ineligible to participate in the price support program.

In the present case, the planting of potatoes on the Jones tract was proceeding while the appeal from the County Committee's determination of the tract's acreage goal was pending. After the acreage goal was finally determined, Zuckerman and McGilvray acted promptly to divest themselves of their interest in the tract. The defendant corporations controlled by Zuckerman and McGilvray did not apply for their certificates of eligibility for some six weeks thereafter. Under all the circumstances the County and State Committees applied the regulations to the facts in an entirely reasonable and proper manner. There is thus no basis for a holding that the State and County Committees acted contrary to law in issuing and approving the certificates of eligibility challenged in this action.

Judgment will, therefore, enter in favor of the defendants upon Findings to be presented pursuant to the Rules.